# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 254 | DATE | October 9, 2003 |
| CASE TITLE | William E. Dugan, et al  v  Carl M. Quanstrom, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ■ Status hearing set for **10/16/03, at 9:00 a.m.**
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Defendant's motion to dismiss pursuant to Fed. R. Civ. P.12(b)91) for lack of subject matter jurisdiction is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 9 200 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | 03 OCT -9 PM 12:4 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, et al, ) | |
| ) | |
| Plaintiffs, ) | OCT 9 - 2003 |
| ) | No. 03 C 0254 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| CARL M. QUANSTROM, individually and d/b/a ) | |
| MONEE NURSERY, LLC, f/k/a MONEE ) | |
| NURSERY CO., and MONEE NURSERY & ) | |
| LANDSCAPE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In their first amended complaint, plaintiffs, the Trustees of the Midwest Operating Engineers Pension Trust Fund, allege that defendant Carl M. Quanstrom, individually and doing business as ("d/b/a") Monee Nursery, LLC, Monee Nursery Co. ("Monee Nursery"), and Monee Nursery & Landscape Company ("Monee Nursery"), is liable under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, for neglecting obligations to an executed Landscaping Memorandum of Agreement with International Union of Operating Engineers Local 150, AFL-CIO ("Local 150"). Defendant has moved to dismiss[1] the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), arguing that, (1) defendant has no contractual obligation to the plaintiff, and (2) because Monee Nursery, LLC is a limited liability corporation, defendant, as a managing member of that corporation, cannot be held personally liable for its

---

[1] On June 30, 2003, the court sua sponte granted defendant an extension of time from May 8, 2003, to July 14, 2003, to file his reply brief concerning the instant motion. As of the date of the instant ruling, however, defendant has not filed his reply. Thus, the instant ruling is based on defendant's initial motion and plaintiffs' response.

obligations. For the reasons stated below, the court denies defendant's motion to dismiss in its entirety.

## FACTS

According to plaintiffs' first amended complaint, Monee Nursery was owned by defendant's parents as co-owners, and then by defendant as a sole proprietor. On July 12, 1984, defendant's mother, Myrene Quanstrom, executed a Landscaping Memorandum of Agreement with Local 150 as "co-owner" of Monee Nursery (the "Agreement"). The Agreement, which was attached as Exhibit A to the first amended complaint, was entered into by Monee Nursery, its successors and assigns and incorporated the Master Agreement with Local 150, which set the wages, benefits, and grievance procedures between Local 150 and a member contractor. According to the first amended complaint, the Master Agreement provides that the employer agrees to be bound by the terms of the Trust Agreement of the Fringe Benefit Funds and to make prompt payment of the per-hour contributions with respect to each Trust Fund. Plaintiff alleges that Monee Nursery has never made contributions to the Midwest Operating Engineers Fringe Benefit Funds.

Concerned that Monee Nursery was performing bargaining unit work without using Local 150 unit operating engineers, Local 150 requested arbitration of a collective bargaining agreement with Monee Nursery in December 1993. Monee Nursery subsequently filed suit in state court to stay the arbitration proceedings, arguing that the Agreement was invalid and, alternatively, had been abandoned by the parties. The circuit court ruled that Monee Nursery was bound to the Agreement. This ruling was affirmed on appeal by the Illinois Appellate Court in October 1998.

On September 19, 2000, an arbitrator found that Monee Nursery violated the underlying Master Agreement and failed to properly terminate the Agreement pursuant to its terms. On

2

December 14, 2000, Monee Nursery filed a Complaint against Local 150 and the American Arbitration Association in the Circuit Court of Cook County to vacate the arbitration award. On January 26, 2001, Local 150 filed a Notice of Removal, and the case was subsequently removed to this court. On September 12, 2002, Judge Norgle denied Monee Nursery's motion for summary judgment seeking to vacate the arbitration award and granted Local 150's cross-motion for summary judgment seeking enforcement of the arbitration award. On October 9, 2002, Monee Nursery filed an appeal of Judge Norgle's decision, which is still pending before the Seventh Circuit.

On June 10, 2002, Monee Nursery organized under the Illinois Limited Liability Company Act. Plaintiffs allege that Monee Nursery, LLC maintains its offices at the same address and engages in the same business as Monee Nursery, and that Monee Nursery, LLC has never made any contributions to the Midwest Operating Engineers Fringe Benefit Funds. Plaintiffs allege that defendant undertook to continue the business of Monee Nursery through Monee Nursery, LLC to avoid the obligations of Monee Nursery, cognizant of Monee Nursery's continuing liability to the funds. Plaintiffs' Amended Complaint alleges that Monee Nursery, LLC is the successor and/or alter ego of Monee Nursery, which renders the LLC bound to the contract with Local 150, as well.

On March 18, 2003, plaintiffs filed their first amended complaint against defendant, individually and d/b/a Monee Nursery, LLC, f/k/a Monee Nursery, seeking delinquent fringe benefit contributions and an audit pursuant to ERISA.

## DISCUSSION

Defendant has moved to dismiss plaintiffs' first amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, which provides that a court must dismiss any action for which it lacks subject matter jurisdiction. Rule 12(b)(1) motions are premised on

either facial or factual attacks on jurisdiction. Villasenor v. Industrial Wire & Cable, Inc., 929 F. Supp. 310, 311 (N.D. Ill. 1996). If defendant makes a factual attack on the plaintiff's assertion of subject matter jurisdiction, it is proper for the court to look beyond the jurisdictional allegations in the complaint and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993) (per curiam); Barnhart v. United States, 884 F.2d 295, 296 (7th Cir. 1989).

To withstand such a motion, the plaintiff must offer "'competent proof'" that the court has subject matter jurisdiction. NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 237 (7th Cir. 1995), *cert. denied*, 515 U.S. 1104 (1995) (quoting McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936)). Put another way, the plaintiff must prove by "a preponderance of the evidence or 'proof to a reasonable probability' that jurisdiction exists." Id. (quoting Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993)).

In his motion, defendant argues that, (1) no collective bargaining agreement existed between Carl Quanstrom (individually) and Local 150 or between Monee Nursery, LLC and Local 150, and (2) because Monee Nursery is an LLC and Carl Quanstrom is only a member of the corporation, he cannot be held personably liable.

With respect to his first argument, defendant directs the court's attention to Laborers Health & Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., Inc., 484 U.S. 539, 544-45 (1988), in which the U.S. Supreme Court held that actions under Section 515 of ERISA, 29 U.S.C. § 1145, are limited to the recovery of "promised contributions," and that no subject matter jurisdiction exists under ERISA to collect contributions after the expiration of a collective bargaining agreement. Defendant argues that because he has

4

not "promised contributions," the court lacks subject matter jurisdiction over the plaintiffs' claim. Defendant further argues that Section 301 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185(a), and Section 502 of ERISA, as amended, 29 U.S.C. §§ 1132, 1145, require a contract between an employer and labor organization. In his motion, defendant focuses on the absence of a collective bargaining agreement between himself and Local 150 and argues that, as in Advanced Lightweight, he has no contractual obligation to plaintiffs. The instant motion, however, fails to confront the fact that defendant is alleged to have been the sole owner of Monee Nursery, which an arbitrator and the Illinois Appellate Court have already found to be bound to the Agreement with Local 150. Defendant's motion further fails to acknowledge that another court in this district has already upheld the arbitrator's finding that the Agreement has not been terminated pursuant to its terms, and thus remains in effect as to Monee Nursery as well as its "successors and assigns," which, based on plaintiffs' allegations, would include Monee Nursery, LLC.

In support of his second argument, defendant cites to 805 ILCS 180/10-10, which provides that "[a] member or manager is not personally liable for a debt, obligation or liability of the company solely by reason of being or acting as a member or manager." Monee Nursery, LLC was formed on June 10, 2002. The period for which the plaintiffs have requested an audit is from 1993 to date,[2] predating the formation of the LLC. Accordingly, defendant may be held

---

[2]Although the period of the audit is not specified in the amended complaint, in their response to the instant motion, plaintiffs attached correspondence dated March 13, 2003, sent from plaintiffs' counsel to defendant's counsel, indicating that plaintiffs sought an audit from 1993 to date. Plaintiffs are directed to amend their complaint to conform with this representation.

personally liable for acts occurring between 1993 and June 9, 2002. Defendant's motion to dismiss is therefore denied.

One remaining issue merits discussion, however. As plaintiffs implicitly acknowledge in their response brief, there are no allegations in the amended complaint that would support holding defendant personally liable for contributions owed by Monee Nursery, LLC. Although plaintiffs alleged that Monee Nursery, LLC is a successor to Monee Nursery and therefore is bound to the Agreement, plaintiffs have not alleged that defendant is the alter ego of Monee Nursery, LLC. Plaintiffs therefore have failed to state a claim against defendant individually for the obligations of Monee Nursery, LLC.[3]

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is denied. This matter is set for a report on status on October 16, 2003, at 9:00 a.m.

**ENTER:** October 9, 2003

Robert W. Gettleman
United States District Judge

---

[3]In addition, notwithstanding plaintiffs' representations to the contrary, their amended complaint was filed against one defendant, Carl Quanstrom. Neither Monee Nursery nor Monee Nursery, LLC have been served in the instant case, and the caption as well as the allegations of the amended complaint refer to "defendant."