# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 03 C 254 | **DATE** | 12/10/2003 |
| **CASE TITLE** | William E. Dugan, et al. vs. Carl M. Quanstrom, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached Memorandum Opinion and Order, the plaintiffs' motion to quash (doc. #22) is granted as set forth in the attached Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 11 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 26 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 DEC 10 PM 3:52 | date mailed notice | |
| mm | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



DEC 1 1 2003

WILLIAM E. DUGAN, *et al.*,  )
) 
      Plaintiffs, )
) Case No. 03 C 0254
v. )
) District Judge Gettleman
CARL M. QUANSTROM, individually and ) Magistrate Judge Schenkier
d/b/a MONEE NURSERY, LLC, f/k/a/ MONEE )
NURSERY CO. and MONEE NURSERY & )
LANDSCAPE COMPANY, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

The plaintiff trust funds have filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145. The plaintiffs claim that the defendants are obligated to make certain fringe benefit contributions to the funds pursuant to a collective bargaining agreement with Local 150 of the International Union of Operating Engineers, AFL-CIO ("Local 150"). In their second amended complaint, the plaintiffs allege that since January 1993, the defendants have breached their obligations under the collective bargaining agreement to submit monthly reports showing the hours of covered work performed; to make the required benefits contributions for hours of covered work that was performed; and to permit an audit.

The defendants have moved to dismiss, on the ground of *res judicata*, all claims that predate September 19, 2000. On that date, an arbitrator issued an award for Local 150 and against Monee Nursery and Landscaping Company (one of the defendants here, which we will refer to hereafter as "Monee"), finding that Monee had violated the collective bargaining agreement by using non-union members without paying them the level of wages specified in the collective bargaining agreement

26

and by failing to make fringe benefit contributions for that work. The arbitrator found that the violations began on November 17, 1993 and continued through the date of the award (September 19, 2000), ordered that Monee cease and desist from the conduct found to violate the collective bargaining agreement, and ordered Monee to pay damages in the amount of $133,168.00. That award was confirmed both by the district court (*Monee Nursery & Landscape Company v. Int'l Union of Engineers, Local 150*, No. 01 C 571, 2002 WL 31085091 (N.D. Ill. Sept. 17, 2002)), and the Seventh Circuit ((*Monee Nursery & Landscape Company v. Int'l Union of Engineers, Local 150*, 348 F.3d 671 (7th Cir. 2003)). In their motion to dismiss, which is in the process of being briefed before the district judge, the defendants assert this arbitral award precludes the plaintiffs from seeking further relief for any alleged failure to file reports, make contributions, or allow audits for the period prior to September 19, 2000.

The parties' dispute concerning the effect of the arbitral award also is implicated by the discovery motion currently before this Court. On November 10, 2003, the defendants issued a subpoena upon William Dugan, as President and Business Manager of Local 150, for a deposition pursuant to Fed. R. Civ. P. 30(b)(6). The rider to the subpoena identifies five topics on which the defendants seek the testimony of Local 150: (1) all issues presented for resolution in the arbitration hearing on or about February 11, April 13 and May 4, 2000 (the subpoena states the year as 2003, but in a proceeding in open court on December 9, 2003, the defendant stated that this was a typographical error and that the correct year was 2000); (2) fringe benefit contributions, membership fees and dues paid by Monee; (3) the nature of work covered by any collective bargaining agreement to which Monee is bound with Local 150 for which payment of fringe benefits is required; (4) reports and investigation of Monee's work at job sites in Merrillville, Indiana in or about April 1992, in

Barrington, Illinois in or about April 1994, and at 167th and Harlem in or about May/June 1994; and (5) execution of fringe benefits waiver by Raul Sifuentes. In addition, the rider to the subpoena seeks 14 categories of documents.

The plaintiffs ("movants") have moved to quash the subpoena (doc. # 22), on two grounds: *first*, that these Rule 30(b)(6) categories are not relevant to plaintiffs' claims; and *second*, that all of the issues embraced in the Rule 30(b)(6) categories already have been fully litigated and have been the subject of discovery provided by Local 150 in other litigation between Local 150 and Monee. The defendants have filed a written opposition to the motion, raising three contentions: *first*, that the motion to quash is procedurally defective because there was no effort made by the movants to meet and confer about the dispute as required by Local Rule 37.2 and this Court's standing order; *second*, that the motion is substantively without merit, as all of the Rule 30(b)(6) categories seek information that is relevant to this lawsuit; and *third*, that the motion to quash does not address the document rider, that it is too late for the movants to attempt to challenge the document rider now, and that at a minimum the requested documents should be produced.

I.

We begin with the procedural question of whether the Court should address this motion at all. It does appear that the movants failed to meet and confer as required by local rule: the motion to quash does not assert that the movants made any effort to discuss their disputes with the defendants before filing this motion. That said, the defendants chose to prepare a written response to the motion (without seeking leave of the Court, as is required by this Court's standing order on discovery motions), which fully articulates and argues the defendants' position on the requested Rule 30(b)(6) categories of testimony. Therefore, in these circumstances, the Court will address the merits

of the parties' positions with respect to the categories of Rule 30(b)(6) testimony. The Court's decision to do so in this instance should not be interpreted as an endorsement of the movants failure to fulfill their meet and confer requirement; any such failure in the future may result in the imposition of sanctions.

## II.

Before addressing each of the Rule 30(b)(6) categories in issue, we address two overarching arguments made by the movants.

*First*, the movants argue that none of the requested categories seeks information that is relevant to the plaintiffs' claims, which the movants characterize as solely a request for an audit (Motion, ¶ 2). However, we reject that argument by the movants because it is at odds with the prayer for relief in the second amended complaint, which seeks far more than just an audit: it asks for an order compelling the defendants to submit all delinquent reports for the period from January 1993 to the date of the second amended complaint; for a judgment for all unpaid contributions (and liquidated damages, audit fees and attorney fees) from January 1993 to the date of the second amended complaint; and for an injunction permanently requiring the defendants to submit reports and make the necessary contributions in the future (Sec. Am. Compl. at 7).

*Second*, the movants claim that all of the issues implicated by the Rule 30(b)(6) categories have been fully litigated and resolved by the September 19, 2000 arbitration award (and subsequent federal court decisions confirming it) and a 1998 Illinois appellate court decision holding that Monee was bound to the collective bargaining agreement with Local 150 (Motion, ¶ 3). We agree with the movants that the defendants should not be permitted to use the discovery process in aid of an attempt merely to relitigate what has been conclusively decided in prior rulings. At the same time, the

defendants may seek appropriate discovery to show the metes and bounds of what was decided in those prior proceedings. With that distinction in mind, we address each of the five categories of Rule 30(b)(6) testimony that the defendants request.

*Category No. 1*: This request seeks testimony about what issues were presented for resolution in the arbitration hearings between Local 150 and Monee dated February 11, April 13 and May 4, 2000, which lead to the arbitration ruling dated September 19, 2000. We agree with the defendants' argument that the question of what issues were presented for resolution is relevant to the *res judicata* inquiry. However, the defendants have failed to explain why that question is not clearly answered by the arbitrator's award, which specifically identified the issues that the arbitrator considered as being submitted to him (Motion, Ex. B at 1-2, 8-9).

From the Court's independent review of the matter, it appears that the only area of potential ambiguity concerning the arbitral award is with respect to the components of the $133,168.00 award for damages, which the arbitrator awarded for two different violations of the collective bargaining agreement that he found to have occurred between November 17, 1993 and September 19, 2000: the underpayment of wages and the nonpayment of fringe benefit contributions. *See Monee Nursery & Landscape Company*, 348 F.3d at 675. While the question of underpayment is not at issue in this ERISA case, the question of non-payment of fringe benefit contributions plainly is. The plaintiffs seek a judgment for payment of unpaid fringe benefit contributions from January 1993 through the date of the second amended complaint filed in October 2003. The question of how much of the $133,168.00 arbitration award is attributable to the underpayment finding on the one hand, and the non-payment finding on the other, is relevant to the question of whether some portion of the damages the plaintiffs seek in this action already has been awarded in another action. And, how the arbitrator

5

allocated the damage award between the underpayment and nonpayment issues is not evident from the face of the arbitrator's ruling.

But, it would appear that, to the extent that this information can be obtained, it will be distilled from the transcripts of the proceedings before the arbitrator, and the exhibits and briefs submitted to him. The Court is not persuaded that a deposition of *Local 150* is reasonably calculated to show how much the *arbitrator* decided to award based on the nonpayment of contributions. Thus, the Court grants the motion to quash.

*Category No. 2*: This request seeks testimony on fringe benefit contributions, membership fees and dues payments by Monee. The second amended complaint does not make a claim for non-payment of membership fees or dues, and the defendants fail to identify any link between those subjects and the claims or defenses raised in this case.

This request does seek discovery that is relevant to the plaintiffs' claims, insofar as it seeks information as to what fringe benefits contributions were made pursuant to the relevant collective bargaining agreement. It should go without saying the evidence of fringe benefits contributions made during the relevant period is relevant to the issue of what amount, if any, may be due. However, the request is not limited to the time period that is covered by the second amended complaint (the Rule 30(b)(6) rider sets forth no time limit at all), and in that respect, the request is overly broad. Moreover, we fail to see why the information sought – which is a mathematical computation – cannot be obtained with less expense and burden through interrogatories served on the plaintiffs, rather than through a deposition notice served on a non-party.

In these circumstances, the Court exercises its discretion under Rule 26(b)(2) to bar as premature at this time Rule 30(b)(6) testimony by Local 150 about fringe benefits contributions

made by the defendants. Accordingly, the Court grants the motion to quash as to Category No. 2, without prejudice to serving a later subpoena on Local 150 for a Rule 30(b)(6) witness to testify about fringe benefit contributions by the defendants from January 1993 through October 2003, upon a showing that other less expensive and intrusive means of obtaining the information have proven unsuccessful.

*Category No. 3*: This request seeks testimony about the nature of the work covered by any collective bargaining agreement between Monee and Local 150 for which fringe benefit contributions are required. We do not quarrel with the defendants' assertion that an identification of what work is covered by the collective bargaining agreement at issue here (not just "any" collective bargaining agreement) is relevant to the question of what contributions would be due. However, that question of what constitutes "covered work" seems to be clearly set forth in the collective bargaining agreement. Moreover, that question plainly was litigated in the arbitration: in order to find that benefit contributions were due but unpaid, the arbitrator had to decide the antecedent question of whether covered work was performed.

In any event, to the extent that discovery on this subject is appropriate, once again we believe that it should begin with written discovery. Accordingly, the Court grants the motion to quash as to Category No. 3, without prejudice to the defendants seeking a Rule 30(b)(6) deposition from Local 150 on this subject upon a showing that less expensive and less burdensome means have been used without success.

*Category No. 4*: This category seeks testimony concerning Local 150's investigation of certain of Monee's work sites that were conducted in April 1992, April 1994 and May or June 1994. We see no basis for permitting discovery concerning the April 1992 investigation. The only basis

7

asserted by the defendants is that the April 1992 investigation involved a job site where Raul Sifuentes executed a fringe benefit waiver. However, the circumstances of Mr. Sifuentes's execution of a waiver is the subject of a separate Rule 30(b)(6) category. Moreover, the execution of one waiver does not provide a basis for embarking upon full-blown deposition discovery into an April 1992 investigation that precedes the time period covered by the second amended complaint.

The two job site investigations in 1994 are within the time period covered by the second amended complaint. The defendants say they want testimony about those investigations for the purpose of discovering the identity of the individuals whom the plaintiffs claim (1) were doing covered work, and thus (2) are individuals for whom contributions are due. That would be a relevant inquiry – but here again, the Court believes that this type of information can be developed with less expense and burden in the first instance through written discovery. Accordingly, the Court grants the motion to quash, without prejudice to the defendants renewing the request for Rule 30(b)(6) testimony from Local 150 on these 1994 site investigations at a later date.

*Category No. 5*: This category seeks Rule 30(b)(6) testimony concerning the execution of a fringe benefits waiver by Mr. Sifuentes. The plaintiffs do not claim that the question of whether an otherwise covered employee has executed a fringe benefits waiver is irrelevant to whether the defendants have a contribution obligation for that employee. Rather, the plaintiffs claim that this discovery already has been provided through a deposition of Mr. Dugan in April 1995 in connection with a state court lawsuit which resulted in a ruling that the Monee was bound to a collective bargaining agreement with Local 150. And, the defendants acknowledge that they have been provided with a copy of that waiver, which is on Local 150 letterhead (Defs. Resp. at 7 and Ex. 3).

However, Mr. Dugan testified that the union's policy is not to give such waivers to employees, and that he was not familiar with the particular circumstances of Mr. Sifuentes executing a waiver (Motion, Ex. E, at 44-45).

We therefore agree with the defendants that they are entitled to a Rule 30(b)(6) witness who can testify fully to Local 150's knowledge of the circumstances involved in Mr. Sifuentes signing the waiver. But, we do not believe that a Rule 30(b)(6) deposition on that subject should proceed at this time, given (1) the lack of any showing of relevance of the information to the *res judicata* issue presently before the district judge or any other imminent need for the information, and (2) the possibility that the defendants may seek further Rule 30(b)(6) testimony from Local 150 on some of the issues addressed above. Accordingly, on these grounds, we grant the motion to quash as to this category without prejudice to the defendants renewing the request for Rule 30(b)(6) testimony on that subject in the future.

### III.

Finally, we turn to the document rider to the Rule 30(b)(6) notice. At the threshold, we reject the defendants' argument that the movants have not challenged the document request. While the introductory paragraph to the motion indicates that the movants only seek to quash the deposition notice, the prayer asks that the Court also quash the request for "documentation already provided and unrelated to the Defendants' obligation to comply with an audit" (Motion, at 3). Thus, while the movants could have been more clear on the subject, the Court concludes that they have preserved their objection to the document rider.

However, it is premature for the Court to decide which documents must be produced, when the parties have never conferred on that subject and when neither the motion nor the response

9

addresses, on a request-by-request basis, why particular categories of documents should or should not be produced. Accordingly, the Court denies the motion to quash without prejudice to the movants renewing the motion after a face-to-face conference between counsel addressing each of the requests and attempting in good faith to resolve any disputes they may have – a task which we hope will be facilitated by the Court's foregoing discussion.

## CONCLUSION

For the foregoing reasons, the motion to quash (doc. # 22) is GRANTED as set forth above.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

DATED: December 10, 2003